The Honorable Carl Crow Prosecuting Attorney P.O. Box 1620 Hot Springs National Park, AR 71902-1620
Dear Mr. Crow:
You have requested an opinion regarding the applicability of the Arkansas Freedom of Information Act, the same being Ark. Stat. Ann. 12-2801 et seq., to records created and maintained by a Coroner. Specifically, you ask three questions:
 1. Are Coroner's Reports of investigations of deaths subject to disclosure to the public pursuant to the Freedom of Information Act?
 2. If your response to the first issue is in the affirmative, does this include results of tests performed prior to the decedent's death, which come into the possession of the Coroner in the course of his investigation?
 3. If your response to the first issue is in the affirmative, does this include results of tests performed by or at the request of the coroner in the course of his investigation?
The answer to your first question is yes.
Ark. Stat. Ann. 12-2803 defines a public record as:
 "'Public records' are writings, records, sounds, films, tapes or data compilations in any form (a) required to be kept, or (b) otherwise kept and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds.
All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records."
Since a Coroner is a public official, the records generated and/or maintained in his office are presumed to be subject to the provisions of the Freedom of Information Act.
However, the Act does provide for the exemption from public inspection of certain records as enumerated in Ark. Stat. Ann. 12-2804. Of particular importance is the exemption for "undisclosed investigations by law enforcement agencies of suspected criminal activity".
As a "Conservator of the Peace", a Coroner is charged with maintaining the peace, and is given the authority to apprehend felons (Ark. Stat. Ann. 12-903 and 12-904). A Coroner would therefore fall under the definition of a law enforcement officer as found in Ark. Stat. Ann. 41-115:
 "(12) `Law enforcement officer' means any public servant vested by law with a duty to maintain public order or to make arrests for offenses."
Since a Coroner meets the above definition of a law enforcement officer, it is my opinion that records contained in the files of an on-going Coroner's investigation are protected from public disclosure pursuant to the criminal investigation exemption of Ark. Stat. Ann. 12-2804. Once a Coroner's investigation is complete, the final Coroner's Report, as well as supporting documents, fall subject to public inspection unless otherwise exempted.
In response to your remaining questions, it is of no consequence when an exempted record comes into the possession of a Coroner for purposes of the Act. Should a record qualify for an exemption, the record is shielded for the period of time provided by the exemption. As an example, a report of a medical test (which is exempt from disclosure at all times) conducted prior to death would continue to be exempt as a "medical record" after death. However, if the information becomes part of the Coroner's Report, that information contained in the newly created record loses it's exempt status when the full report becomes public.
It is also of no consequence if a Coroner, by chance, is qualified to perform post mortem tests. If he is acting as the Coroner in creating a record, then the record is properly classified as an investigative record, and would therefore not be protected from disclosure pursuant to the medical records exemption of the Freedom of Information Act.
In sum, records created and maintained by a Coroner are subject to public inspection unless specifically exempted from such.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.